THOMAS CAVENDER *v.* F. L. & J. C. GRAVES.

[Abstract Kentucky Law Reporter, Vol. 4—718.]

**Estoppel of Wife to Recover Land.**

> Mere acquiescence by a married woman during her coverture in a sale by her husband of her real estate, is not sufficient to enable the purchaser to resist her recovery of the land after the death of the husband.

APPEAL FROM BALLARD COURT OF COMMON PLEAS.

February 3, 1883.

OPINION BY JUDGE LEWIS:

The foundation of appellant's claim to the land in contest is an alleged parol purchase from the first husband of appellee, F. L. Graves, during coverture, and her acquiescence in the purchase and the receipt by her of $40 of the $500 purchase-price after the death of that husband.

We do not understand the doctrine of equitable estoppel to have been extended so far in respect to a married woman as that mere acquiescence by her during coverture in a sale by her husband of her real property is sufficient to enable the purchaser to resist her recovery of the land after the husband's death. Her title to the land was evidenced by deeds recorded in the proper office, of which appellee must be presumed to have had knowledge, and the entire purchase-price paid at all during coverture was paid to the husband. She neither received any direct benefit from the sale made by her husband, nor did her failure to object to the sale or her acquiescence deceive appellant, or cause him to make the purchase under a misapprehension as to the title. Even if unsatisfactorily shown, but we think it is not, that she accepted $40 of the purchase-price after the death of her husband, it would not be sufficient to divest her of her title to the land.

The objection that there is a defect in the certificate in one of the deeds evidencing her title, as well as the other objection that she failed to file with the sheriff's deed the record of the judgment under which the sale was made, are both unavailing, because she was not required to show a complete chain of title traceable to the commonwealth.

The claim of appellant to the land, if he has any, is under her title, the alleged purchase of the land having been made and the possession acquired from the husband, who at the time held and claimed it by virtue of his marital rights only. Besides, to plead estoppel amounts to an admission in this case that she has the legal title.

The judgment of the lower court is *affirmed*.

*Bullock & Bullock, and R. B. Smith, for appellant.*